## Case No. 2,389.

### In re CANTRELL.

[6 Ben. 482.][1]

District Court, E. D. New York. April, 1873.

CHATTEL MORTGAGE — CONTEMPORANEOUS AGREEMENT.

A chattel mortgage was given by C., who was afterwards adjudged a bankrupt. The assignee in bankruptcy having sold the property, the mortgagee petitioned to be paid the proceeds, in satisfaction of the mortgage. It appeared, that an agreement was made, contemporaneous

---

[2] [From 21 Law Rep. 473.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

with the mortgage, that the mortgagor should retain possession of the mortgaged property, make sales of it from time to time as he might desire, and receive the proceeds for his own use. The debt for which the mortgage was given was an actual one, and unpaid: *Held*, that, under the laws of the state of New York, the mortgage was void, and the petition must be denied.

[See In re Burrows, Case No. 2,204.]

[In bankruptcy. Matter of Samuel Cantrell.]

BENEDICT, District Judge. The question presented for my determination, upon this petition, is, whether the petitioner has a right to claim the proceeds of certain personal property of the bankrupt, taken and sold by the assignee in bankruptcy, because of a chattel mortgage upon the property, held by the petitioner. This mortgage, the assignee insists, is void, for the reason that it has here been shown, by evidence, that an agreement existed between the mortgagor and mortgagee, contemporaneous with the mortgage, that the mortgagor should retain possession of the mortgaged property, deal with and make sales of the same, from time to time, as he might desire, and receive the proceeds for his own use. Upon the evidence, I find that such an agreement existed, and I find further, that the effect of such an agreement is not destroyed by the evidence introduced by the petitioner, which, as I also find, shows an actual loan of the money sought to be secured by the mortgage, and an actual present indebtedness of the amount sought to be recovered, namely, $2.276.25. Under the law of the state of New York, as I understand it, upon such facts, the mortgage should be declared void. Being so found, it gives the holder no right to the proceeds of the property taken and sold by the assignee. The prayer of the petitioner must, therefore, be denied.